983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wesley R. MCKINNEY, Defendant-Appellant.
 No. 90-56154.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wesley McKinney appeals pro se the district court's summary judgment in favor of the United States in its civil action to recover a $50,000 civil money penalty the government assessed against McKinney. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 * Background
 
 
 4
 McKinney was a director of Republic Bancorporation, Inc. ("Republic"). On October 26, 1983, the Board of Governors of the Federal Reserve System ("Board") issued a cease and desist order against Republic and its directors, officers, employees, and agents. On June 4, 1984, the Board found Republic had violated the cease and desist order. The Board issued a notice of assessment assessing McKinney a civil penalty in the amount of $25,000, together with additional money penalties of $250 per day from the date of the notice until the violations terminated.
 
 
 5
 Following the notice of assessment, an administrative law judge ("ALJ") held a hearing and recommended that McKinney be assessed a $50,000 civil money penalty. On June 25, 1985, the Board adopted the ALJ's recommended decision and issued a final order assessing McKinney a civil money penalty in the amount of $50,000. McKinney neither appealed the order nor paid the penalty.[1]
 
 
 6
 On March 13, 1990, the government filed a complaint in the United States district court to collect the outstanding civil penalty assessed against McKinney. The government moved for summary judgment. On September 17, 1990, the district court granted the government's motion. McKinney timely appeals.
 
 II
 Merits
 
 7
 If a person or institution fails to pay a civil money penalty assessed by a banking agency pursuant to 12 U.S.C. § 1818, then the agency may initiate an action in the United States district court to recover the amount assessed. 12 U.S.C. § 1818(i)(2)(I)(i). The "validity and appropriateness of the penalty shall not be subject to review." 12 U.S.C. § 1818(i)(2)(I)(ii). Nevertheless, courts have created a "statutory authority" exception to section 1818's withdrawal of jurisdiction. See Abercrombie v. Office of Comptroller of Currency, 833 F.2d 672, 675 (7th Cir.1987).[2] Pursuant to this exception, the district court may review agency actions that are "blatantly lawless." Id.
 
 
 8
 Here, the Board commenced its action in district court to collect the amount assessed for McKinney's violation of the cease and desist order. This action was authorized under section 1818(i)(2)(I)(i) and was unreviewable by the district court under section 1818(i)(2)(I)(ii). The district court concluded that because the Board's action was not blatantly lawless, the court lacked jurisdiction to review the penalty.
 
 
 9
 On appeal, McKinney contends that the Board's action was blatantly lawless and therefore subject to review because the notice of assessment stated McKinney would be assessed a $25,000 penalty, whereas the final order assessed a $50,000 penalty. This contention lacks merit.[3]
 
 
 10
 The notice of assessment gave McKinney notice that the Board intended to assess a "civil money penalty in the amount of [$25,000], together with an additional money penalty in an amount equal to the arithmetical product of [$250] per day, multiplied by the number of days, from and after the date of this Notice to, until, and including the day on which the violation described [in the Notice] shall be terminated." Thus, McKinney had notice that the penalty might exceed $25,000, and the additional $25,000 was within the amount stated in the notice. Thus, because the Board's final order was not blatantly lawless, the statutory authority exception to withdrawal of jurisdiction was unavailable.[4] See Abercrombie, 833 F.2d at 675. Thus, the district court correctly granted summary judgment for the government. See id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On January 10, 1985, McKinney filed for bankruptcy in the Northern District of Oklahoma, and on April 22, 1988, he received a general order of discharge
 
 
 [2]
 This exception originated in three Supreme Court cases: Leedom v. Kyne, 358 U.S. 184 (1958); Oestereich v. Selective Serv. Local Bd. No. 11, 393 U.S. 233 (1968); and Breen v. Selective Serv. Local Bd. No. 16, 396 U.S. 460 (1970). See Abercrombie, 833 F.2d at 675
 
 
 [3]
 McKinney also argues that the Board deprived him of notice and opportunity to be heard on the $50,000 civil money penalty. This contention also lacks merit. The notice of assessment stated that any request for a hearing concerning the notice must be filed with the Secretary of the Board within ten days of the notice. The notice of assessment also stated that if McKinney failed to request such a hearing, the notice would constitute a final and unappealable assessment order. Thus, McKinney had notice and an opportunity to be heard. Moreover, section 1818(h)(2) permitted McKinney to petition for review of the Board's action, provided that he file his petition within 30 days after the order was served. See 12 U.S.C. § 1818(h)(2)
 
 
 [4]
 The statutory authority exception to section 1818's withdrawal of jurisdiction also was unavailable because there was adequate judicial review of the Board's final order. See 12 U.S.C. § 1818(h)(2)